[No. 18550. Department One. September 13, 1924.]

HORACE R. WELLS, *Appellant*, v. AMELIA A. WELLS, *Respondent.*[1]

DIVORCE (80)—DECREE—DIVISION OF PROPERTY. While awarding most of the property to divorced parties in severalty, which may have been better, an award of a fruit farm valued at $30,000 to the parties in common is not an abuse of discretion, and will not be set aside on appeal, where it was the most productive property owned by the parties, and it would be unwise to divide it, or require a forced sale, and there appears no present necessity for a partition.

SAME (56)—ATTORNEY'S FEES—EXCESSIVE ALLOWANCE—EVIDENCE —SUFFICIENCY. An allowance to a wife of $1,800 attorney's fees will not be held excessive on granting her a divorce, where a large amount of property was involved, over which the controversy was waged for several years, many depositions were taken and the trial lasted six days.

Appeal from a judgment of the superior court for Yakima county, Sessions, J., entered May 30, 1924, upon findings in favor of the defendant, in an action for divorce. Affirmed.

*H. J. Snively* and *J. Lenox Ward,* for appellant.

*Roberts & Roberts* and *Dolph Barnett,* for respondent.

PARKER, J.—The plaintiff, Horace R. Wells, commenced this action in May, 1920, in the superior court for Yakima county, seeking a decree of divorce from the defendant, Amelia A. Wells, upon the ground of cruelty. Soon thereafter Mrs. Wells filed in the case

[1]Reported in 228 Pac. 692.

her answer and cross-complaint seeking a decree of divorce upon the grounds of cruelty and abandonment. The case did not come to trial upon the merits until June, 1923. In the meantime they continued to live separate and apart; Mrs. Wells having the care and custody of their son, who, at the time of the trial, was thirteen years old, while Mr. Wells had the care and custody of their daughter, who, at the time of the trial, was nearly nineteen years old. In the meantime there had also been some controverted proceedings in the case relating to temporary allowances to Mrs. Wells for herself and the son. There had in the meantime also been taken several depositions of witnesses in this state, and in Minnesota, California and Arizona. The trial of the case lasted some six days, some 700 pages of testimony being taken in addition to the depositions above mentioned. The trial court awarded a decree of divorce in favor of Mrs. Wells, upon the grounds of cruelty and abandonment; awarded to her the care and custody of the minor son and $25 per month for his support during his minority, to be paid to her by Mr. Wells; awarded to each their separate property, being about equal in value, to wit, $1,500; awarded the community property approximately one-half to each, it being of the value of approximately $60,000, ignoring a claim of separate property therein by Mr. Wells of approximately $9,000, which property had become so comingled with the community property as to have practically lost its identity. No permanent periodical alimony was awarded to Mrs. Wells, but she was awarded $1,800 as attorney's fees to be paid to her by Mr. Wells. From this disposition of the case, he has appealed to this court.

Counsel for Mr. Wells contend that the trial court should have awarded to him the divorce, the custody

of the minor son, and should not have imposed upon him the burden of paying to Mrs. Wells $25 per month for the support of the son. This is a long, involved and distressing story of marital trouble. Its recital here would be of no benefit to anyone. It had better be forgotten by all concerned, except in so far as it has become necessary to make of permanent record the decree of the court. It is enough for us to say now that we have laboriously reviewed the voluminous record and have become satisfied that it well supports the conclusions reached by the trial court upon the questions of the divorce, the custody of the minor son and his support.

The trial court awarded to each of the parties an undivided one-half interest in their 37-acre productive fruit farm near Yakima, which is of the approximate value of $30,000; all other property being awarded in severalty. Counsel for Mr. Wells contends that such division of the property was not to the best interests of the parties, even though it be conceded that each should be awarded approximately one-half of the property; the principal contention being that such division of the property should have been made that the farm would not have been awarded to them in common; that is, giving to each an undivided one-half interest therein. It is insisted that the farm should have been awarded to Mr. Wells and that, to whatever extent Mrs. Wells is entitled to share in the property, it should be in other property and awarded to her wholly in severalty.

It may be conceded that it would have been desirable to have made a division of all of the property in severalty, but we think, under all of the circumstances, it cannot be said that the trial court abused its discretion in making the division that it did. The farm, for the

present at least, seems to be by far the most productive of the property owned by the parties, and its earning power will probably furnish to both a living. To have awarded to Mrs. Wells the other property and divested her of all interest in the farm would have been to award to her property of much less productive value. It is conceded that the farm is so situated that from a business standpoint it would be unwise to divide it; and the forced sale of it, with a view of dividing the proceeds, would probably result in disposing of it for less than its real value. It may be that one or the other of the parties may in the future exercise his or her privilege of having a partition made. This, of course, may be done by a partition suit. This record, however, does not disclose any very urgent present necessity therefor, or any desire on the part of either to have the farm so partitioned, either in specie or by sale and division of the proceeds of such sale. Indeed, the argument of counsel for Mr. Wells that it is undesirable that these parties should own the farm in common, it seems to us, is prompted principally by his desire to have the farm awarded to him freed from any interest therein of Mrs. Wells. We do not feel warranted in disturbing the decree in so far as it awards to each an undivided one-half interest in the farm.

It is finally contended in behalf of Mr. Wells that the trial court made an excessive award of attorney's fees against him and in favor of Mrs. Wells. There may be some room for arguing that $1,800 was a somewhat excessive allowance of attorney's fees, but in view of the large amount of property involved, over which the controversy was to such a large extent waged, and the vigor with which the controversy was waged in all other respects, we cannot say that the trial court

abused its discretion in making this award of attorney's fees. After all, it amounts to nothing more, as against Mr. Wells, than the possible awarding to Mrs. Wells of but comparatively little more than one-half of the whole of their community property. We think the case does not call for further discussion.

The decree is in all things affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.